## McANDREW v. ROBERTSON.

*(Circuit Court, S. D. New York.   December 6, 1886.)*

CUSTOMS DUTIES—IMPORTATION OF EMERY STONE—ACT OF 1883—WHEN IT
TOOK EFFECT.
    Emery stone, that arrived by vessel at the port of New York on June 30,
1883, too late to go into stores or bonded warehouse on that day, and that was
not entered until July 2d, July 1st being Sunday, was not exempted from du-
ties under the act of congress of 1883, (22 St. 488,) but was liable to the duty of
six dollars per ton imposed by the act in existence prior to that act.

Action to Recover Duties Paid under Protest.
*George B. Adams,* for plaintiff.
*Henry C. Platt,* Asst. U. S. Atty., for defendant.

WHEELER, J.   The plaintiff's goods,—200 tons of emery stone,—
on which by law, prior to the act of 1883, there was a specific duty
of six dollars per ton, arrived by the bark Teresina Bruno at the
port of New York on June 30, 1883, at about 3 o'clock P. M., and too
late to go into public stores or bonded warehouse on that day.   The
first day of July was Sunday.   On the second day of July the goods
were entered for consumption as free.   They were passed as free on
bond to pay such duties as they might be found liable to, and un-
loaded by the plaintiff.   Afterwards the duty, six dollars per ton, was
assessed and paid by the plaintiff, under protest that they were free
under the act of 1883, and this suit is brought to recover the amount.
By the act of 1883 (22 St. 488) it was enacted that on and after the
first day of July, 1883, the following sections should constitute and
be a substitute for title 33 of the Revised Statutes.   Then follows a
tariff of duties, in which emery stone is classed as free.   By section
10 it is provided that goods in the public stores or bonded ware-
houses on the day when the act should take effect should be subject
to no other duty than if the same were imported after that day, and
that if the duties had been paid there should be a refund of the dif-
ference; and, by section 13, that the repeal of existing laws or modi-
fications thereof by that act should not affect any act done or right
accruing or accrued.   It is not, and could not well be, claimed but
that the right to duties on goods imported accrues on their arrival at
the port of importation, with intent to unlade.   *U. S.* v. *Lyman,* 1
Mason, 482; *Prince* v. *U. S.,* 2 Gall. 204; *Perots* v. *U. S.,* Pet. C.
C. 256; *Meredith* v. *U. S.,* 13 Pet. 486; *U. S.* v. *Cobb,* 11 Fed. Rep.
76; *U. S.* v. *Benzon,* 2 Cliff. 512.
    It is argued, however, that as goods imported prior to this time,
and had gone to bonded warehouse, would come under the provisions
of the new act, it must have been the intention of congress that
these goods should, and that for this purpose the deck of the vessel
should be considered the warehouse.   This question must be deter-

mined by the apparent intention of congress, which must be gathered from the language of the act itself. Congress fixed upon the first day of July as the day when the new act should take effect. The right to these duties, therefore, accrued under the old act, and was saved by the thirteenth section, unless the provisions of the tenth section prevented. Those provisions do not include this merchandise in their description. Nothing is included but such goods as are in bonded warehouse or public stores at that time, and are entered for consumption afterwards. These goods were on board the ship at that time, and not in the public store or warehouse in the sense of this section.

Verdict for defendant directed.